# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DOUG VOLZ, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 4:15cv0256 TCM ) |
| PROVIDER PLUS, INC., and JEFF SERAFIN, | ) ) ) |
| Defendants | ) ) |

## MEMORANDUM AND ORDER

This is a collective and class action filed by on-call employees of Provider Plus, Inc., who allege that they have not been adequately compensated for time spent assisting customers of Provider Plus when not "'clocked-in.'"[1] (Am. Compl. at 2, ECF No. 11.) In Count VI of their seven-count amended complaint, those Plaintiffs who live or work in Illinois (the "Illinois Plaintiffs") allege that Provider Plus has been unjustly enriched by their free labor. (Id. at 28.) In Count VII, those Plaintiffs who live or work in Missouri (the "Missouri Plaintiffs") allege that Provider Plus has been similarly unjustly enriched. (Id. at 29-30.) Provider Plus and Jeff Serafin, the owner of Provider Plus (hereinafter collectively referred to as "Defendants") argue that Counts VI and VII should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the claims for unjust enrichment are (a) inconsistent with, and barred by, the claims for breach of contract and (b) not actionable. Plaintiffs disagree.

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

## Background

According to the allegations of the amended complaint, Provider Plus operates medical supply warehouses in Illinois and Missouri and makes deliveries of medical supplies to hospitals and patients' homes. (Am. Compl. ¶¶ 1-2, 25-26, 27.) Plaintiffs are on-call employees. (Id. ¶ 4.) They allege that Provider Plus has failed to pay them for one-half hour lunch breaks when they had to work through lunch, for time spent on calls that did not require they go to a Provider Plus location, and for time spent finishing a project after they had clocked out. (Id. ¶¶ 107-12, 116-17.) One of the seven counts in the first amended complaint is for breach of an implied contract and is brought by the Illinois Plaintiffs. (Id. ¶ 172-77.) Another count is for breach of an implied contract and is brought by the Missouri Plaintiffs. (Id. ¶ 178-83.)

Provider Plus and Jeff Serafin[2] (hereinafter collectively referred to as Defendants) argue that Illinois and Missouri law bar claims for unjust enrichment when there are also claims for breach of contract. They further argue that, regardless, claims for unjust enrichment do not lie when the work at issue was originally contemplated by the parties.

## Discussion

When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion.

---

[2]Serafin is allegedly "the owner, President, Secretary, and sole Board Member of Provider Plus." (Am. Compl. ¶ 10.)

**Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009). The complaint must have "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (quoting first Fed. R. Civ. P. 8(a)(2) and then Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated by Twombly, supra) (alteration in original); see also Gregory v. Dillard's Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc).

Defendants first argue that Plaintiffs cannot contemporaneously present claims for unjust enrichment and for breach of contract under either Missouri or Illinois law. Plaintiffs counter that their presentation is permitted under Federal Rule of Civil Procedure 8(d).

Rule 8(d)(2) permits a plaintiff to "set out 2 or more statements of a claim . . . alternatively or hypothetically, either in a single count . . . or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed.R.Civ.P. 8(d)(2). Rule 8(d)(3) permits a plaintiff to "state as many separate claims . . . as it has, regardless of consistency." Fed.R.Civ.P. 8(d)(3).

In the instant case, Plaintiffs have made two sets of alternative claims. In Count IV of their amended complaint, they allege that Defendants' actions in not paying them overtime for time spent on-call breached an implied contract that they be compensated for their services, in violation of Illinois law. (Am. Compl. ¶ 173.) In Count VI, they allege that Defendants have been conferred a benefit by Plaintiffs' free labor when on-call and have retained that benefit, also in violation of Illinois law. (Id. ¶¶ 185, 187.) They further allege that the work at issue is additional services that are different than their original job duties.

(Id. ¶ 189.) Similarly, in Count V they allege that Defendants' actions in not paying them breached an implied contract, in violation of Missouri law. (Am. Compl. ¶ 179.) In Count VII, they allege that the benefits conferred on, and retained by Defendants, are for additional services. (Id. ¶¶ 193, 195, 197.) Counts IV and V are titled "Breach of Contract." (Id. at 26, 27.) Counts VI and VII are titled "Unjust Enrichment." (Id. at 29, 30.) There is but one prayer for relief in the amended complaint. (Id. at 30.) This prayer includes, without reference to any particular count, a paragraph requesting an award of unpaid wages, one requesting compensatory damages, and one requesting an order requiring Provider Plus to disgorge the amount by which Provider Plus has been "unjustly enriched by its unlawful conduct at the expense of Plaintiffs . . . ." (Id.)

The elements of a cause of action for breach of contract are the same under Illinois and Missouri law. In Illinois, "[i]n order to state a cause of action for breach of contract, a plaintiff must plead: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) a breach of the subject contract by the defendant; and (4) that the defendant's breach resulted in damages." **McCleary v. Wells Fargo Sec., LLC**, 29 N.E.3d 1087, 1093 (Ill. Ct. App. 2015). In Missouri, to state a cause of action for breach of contract, a plaintiff must plead: "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." **Rental Co., LLC v. Carter Group, Inc.**, 399 S.W.3d 63, 67 (Mo. Ct. App. 2013) (quotations omitted).

The elements of a cause of action are also the same under either Illinois or Missouri law. In Illinois, "[t]o plead a cause of action for unjust enrichment, a plaintiff must allege that the defendant unjustly retained a benefit to the plaintiff's detriment and that retention violates the fundamental principles of justice, equity, and good conscience." **McCleary**, 29 N.E.3d at 1096. In Missouri, to plead a cause of action for unjust enrichment, a plaintiff must allege: "(1) a benefit conferred by a plaintiff on a defendant; (2) the defendant's appreciation of the fact of the benefit; and (3) the acceptance and retention of the benefit by the defendant under the circumstances in which retention without payment would be inequitable." **Rental Co.**, 399 S.W.3d at 67.

Courts applying Illinois or Missouri law have found that parties may present claims for unjust enrichment and breach of contract in the same cause of action, although they may not *recover* for both claims. See **Rental Co.**, 399 S.W.3d at 67 (Missouri law); **Howard v. Turnbull**, 258 S.W.3d 73, 76 (Mo. Ct. App. 2008) (Missouri law); **Roche v. Liberty Mut. Managed Care, Inc.**, 2008 WL 4378432, *3 (S.D. Ill. Sept. 23, 2008) (Illinois law).

Defendants contend, however, that Plaintiffs may not do so, in part, because Plaintiffs' incorporation into their unjust enrichment counts of their allegations "that the parties' relationships were governed by contracts" dooms the unjust enrichment counts. (Defs. Mem. at 4, ECF No. 17.) District courts applying Illinois or Missouri law have concluded that Rule 8 does not save an unjust enrichment count when the underlying allegations include allegations that the parties' relationship was governed by an express contract. See e.g. **Marks v. Compo Steel Prods.**, 2008 WL 5221172, *4 (N.D. Ill. Dec. 12, 2008) (finding that, under

Illinois law, Rule 8(d) did not save quantum meruit[3] claim that specifically incorporated allegations that parties' relationship was governed by express contract, a copy of which was attached to the amended complaint); **Roche**, 2008 WL 4378432 at *3 (S.D. Ill. Sept. 23, 2008) (holding that "mere fact that [plaintiff] allege[d] both breach of contract (based on an express contract) and unjust enrichment (based on an implied contract) dealing with the same matter [was] not grounds for dismissal," but, under Illinois law, plaintiff could not include allegations of an express contract in counts for unjust enrichment); **Sharrow Group v. Zausa Dev. Corp.**, 2004 WL 2806193, *3 (N.D. Ill Dec. 6, 2004) (same); **Dubinsky v. Mermart, LLC**, 2009 WL 1011503 *5 (E.D. Mo. Apr. 15, 2009) (plaintiffs could not bring alternative unjust enrichment claim when that claim explicitly requested relief based on breach of contract). See also **Affordable Communities of Mo. v. Fed. Nat'l Mortg. Ass'n**, 714 F.3d 1069, 1077 (8th Cir. 2013) (finding district court had not erred in dismissing unjust enrichment claim after first finding that resolution of case depended on interpretation of express contract).

Defendants' argument may have had merit when presented in response to Plaintiff's original complaint. Plaintiffs' amended complaint does *not* incorporate in the unjust enrichment counts their allegations of a breach of contract.

---

[3]Some of the cases cited by the parties involve claims for quantum meruit and not unjust enrichment. As noted by the Missouri Court of Appeals in **Johnson Groups, Inc. v. Grasso Bros. Inc.**, 939 S.W.2d 28, 30 (Mo.Ct.App. 1997), although quantum meruit "is based primarily on the principle of unjust enrichment," the amount of recovery is different for each. The difference is immaterial for purposes of the pending motion to dismiss.

Defendants further argue that, regardless whether allegations of breach of contract are incorporated in the unjust enrichment counts, it is legally implausible to bring both. Some courts have held so when the contract claims at issue are for a breach of *express* contracts. See e.g. **Lowe v. Hill**, 430 S.W.3d 346, 350 (Mo.Ct.App. 2014) (finding court had erred after bench trial when entering judgment in favor of plaintiff on unjust enrichment claim when undisputed evidence established express contract ); **R & R Land Dev., LLC v. Am. Freightways, Inc.**, 389 S.W.3d 234, 243 (Mo. Ct. App. 2012) (finding trial court had not erred in entering summary judgment on plaintiff's unjust enrichment claim when express contract governed the same subject matter); **DeGeer v. Gillis**, 842 F.Supp.2d 1055, 1059-60 (N.D. Ill. 2012) (entering summary judgment on alternatively-pled claim for quantum meruit "in view of the undisputed evidence of an express contract governing the parties' relationship) **Mello v. Davis**, 182 S.W.3d 622, 623 (Mo.Ct.App. 2005) (reversing judgment entered on quantum meruit claim when express contract completely governed subject matter at issue); **Jackson v. Xerox Corp.**, 349 F.Supp.2d 1119, 1124 (N.D. Ill. 2004) (entering summary judgment on claim for unjust enrichment after finding that subject matter in dispute was governed by express contract).

The holdings in these cases – all cited by Defendants in support of their motion – were entered either in the context of summary judgment rulings or following a trial. Clearly, the alternative theories of breach of contract and quantum meruit or unjust enrichment had progressed past dismissal on the pleadings. See **Franke v. Greene**, 2012 WL 3156577, *5 (E.D. Mo. Aug. 2, 2012) (allowing counterclaimant to proceed on claim of quantum

meruit/unjust enrichment and breach of contract and noting that, although counterclaimant could not recover on both theories, liberal policy of Rule 8(d) allowed him to plead both); **DeGeer v. Gillis**, 707 F.Supp.2d 784, 798-99 (N.D. Ill. 2010) (allowing plaintiff to amend complaint to replead quantum meruit claim without incorporating references to express contract); **Howard v. Turnbull**, 258 S.W.3d 73, 76 (Mo.Ct.App. 2008) (rejecting argument that trial court had erred by not dismissing action for unjust enrichment and breach of contract because Missouri allowed pleading in the alternative).

Defendants dismiss the distinction drawn by Plaintiffs between express and implied contracts, arguing that Plaintiffs "have no legal authority for the assertion that alleging an implied contract permits Plaintiffs' unjust enrichment and breach of contract claims to proceed simultaneously." (Defs. Reply at 3, ECF No. 29.) This argument overlooks two important considerations. First, Rule 8(d)'s liberal policy favors allowing Plaintiff to proceed on alternative theories.[4] See **Chem Gro of Houghton, Inc. v. Lewis Cnty Rural Elec. Coop. Ass'n**, 2012 WL 1025001, *3 (E.D. Mo. Mar. 26, 2012) (cited by Eighth Circuit in Affordable Communities, 714 F.3d at 1077). Second, the courts have recognized a difference, with a distinction, between express and implied contracts. See **Lowe**, 430 S.W.3d at 349 (holding that "[i]t is a well-settled principle of law that implied contract claims arise only where there is no express contract" and finding that plaintiff could not recover under equitable claim when there was an express contract); **Watts v. Advance Transformer**, 2002

---

[4]Indeed, Defendants recognize this goal when arguing that the different claims in the amended complaint are "various legal theories asserted in an attempt to recover what boils down to nothing more than overtime pay for any hours worked over forty in a given week." (Defs. Reply at 4.) Although Defendants disparage the goal, it is one favored by Rule 8(d).

WL 31356449, *4 (N.D. Ill. Oct. 18, 2002) (holding that "[a] claim based on a contract implied at law is synonymous with a claim involving unjust enrichment or quantum meruit" and concluding that plaintiff's allegation of an express agreement foreclosed latter).

"The Federal Rules allow a plaintiff to 'state [in one complaint] as many separate claims . . . as it has.'" **Gelboim v. Bank of America Corp.**, 135 S.Ct. 897, 902 (2015) (quoting Fed.R.Civ.P. 8(d)(3)) (alteration in original). In their amended complaint, Plaintiffs have presented alternative claims for breach of contract and unjust enrichment. Their claims for unjust enrichment shall not be dismissed at this stage of the litigation as legally implausible. See **Whitney v. Guys, Inc.**, 700 F.3d 1118, 1130 (8th Cir. 2012) (citing Rule 8(d)(2) and rejecting defendant's argument that separate claims were not plausible as "fail[ing] to acknowledge the importance of allowing plaintiffs to plead in the alternative").

Defendants further argue that the unjust enrichment claims should be dismissed because they are not actionable. Specifically, Plaintiffs' allegations are of "additional" work for which unjust enrichment claims do not lie as opposed to "extra" work for which such claims do lie. "Work is 'extra' if it is entirely independent of the contract and not required for the contract's full performance. [W]ork is 'additional' if it is necessarily required in the contract's performance and which, if not done, results in breach of contract." **KC Excavating and Grading, Inc. v. Crane Constr. Co.**, 141 S.W.3d 401, 409 (Mo.Ct.App. 2004). Quantum meruit does not lie if the work is additional. **Id.** See Also **Steinberg v. Fleischer**, 706 S.W.2d 901, 906 (Mo.Ct.App. 1986) (holding that quantum meruit and contract theories may be pursued simultaneously when quantum meruit is solely for "extra

work"). In an employment context, "the employee must show [for a quantum meruit claim] that: at the special insistence and request of the employer, the employee performed work in excess of his ordinary and required duties for the benefit of the employer; that the employer accepted such work; that it amounted to an amount certain; that the reasonable value for the work was a price certain; and, although duly demanded of the employer, the employer has failed and refused to pay for the services." **Roebuck v. Valentine-Radford, Inc.**, 956 S.W.2d 329, 333 (Mo.Ct.App. 1997).

In their amended complaint, Plaintiffs label the work at issue in their unjust enrichment counts as "additional." Their allegations describe work that may arguably be classified as "extra." These allegations are sufficient to state a claim of extra, not additional, work.

## Conclusion

Plaintiffs having sufficiently described alternative theories of unjust enrichment and breach of contract,

**IT IS HEREBY ORDERED** that the motion of Provider Plus, Inc., and Jeff Serafin to dismiss is **DENIED**. [Doc. 16]

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  9th  day of June, 2015.