UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOUG VOLZ, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:15cv0256 TCM |
| | ) |
| PROVIDER PLUS, INC., and | ) |
| JEFF SERAFIN, | ) |
| | ) |
| Defendants | ) |

## MEMORANDUM AND ORDER

This action is before the Court on Plaintiffs's motion for conditional class certification pursuant to § 216(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201-219. [Doc. 24] Specifically, Plaintiffs request an order (1) conditionally certifying a class of current and former "'on-call'" employees of Provider Plus, Inc.; (2) directing Provider Plus to provide counsel a list of current and former "on-call" employees; (3) approving the proposed notice submitted with the motion; and (4) ordering Provider Plus to post notice of this action by all time clocks and provide consent forms. Without waiving their right to later oppose certification, Provider Plus, Inc., and Jeff Serafin (Defendants) consent to the conditional certification but take issue with various specifics of the proposed notice.[1]

---

[1]District courts within the Eighth Circuit "conduct a two-step analysis to determine whether employees are 'similarly situated'" for purposes of § 261(b). **Littlefield v. Dealer Warranty Servs., LLC**, 679 F. Supp.2d 1014, 1016 (E.D. Mo. 2010); accord **Rikard v. U.S. Auto Protection, LLC**, 2011 WL 6754908, *1 (E.D. Mo. Dec. 23, 2011) (citing two other Eastern District of Missouri cases holding the same). At the first step, plaintiffs seek conditional class certification. **Littlefield**, 679 F. Supp.2d at 1016. The plaintiffs's burden at this first step "is not onerous and the merits of a plaintiff's claims are not considered." **Huang v. Gateway Hotel Holdings**, 248 F.R.D. 225, 227 (E.D. Mo. 2008); **Smith v. Heartland Auto. Servs., Inc.**, 404 F. Supp.2d 1144, 1149 (D. Minn. 2005). Plaintiffs need not show at this step that class

Having carefully reviewed the parties's respective positions, the Court finds the following language in the Notice of Collective Action Against Provider Plus, Inc. and Jeff Serafin[2] to be appropriate.

To:  Plaintiffs wish to direct this portion of the Notice to "[a]ll current and former Provider Plus, Inc., employees who worked for Provider Plus, Inc., between May 17, 2012 and the present."  (Pls.' Ex. A, ECF No. 32-1.[3])  Defendants propose the following wording: "All current and former Provider Plus, Inc., employees who worked for Provider Plus, Inc., *as a delivery technician or respiratory therapist* between _____, 2012, and the present."  (Defs.' Ex. 2, ECF No. 31-2 (emphasis added)).

In their initial Notice, Plaintiffs defined the employees at issue as "on call" employees.  (Pls.' Ex. G, ECF No. 25-7.)  Defendants argue that there are but two classes of such employees, delivery technicians and respiratory therapists, and these two classes have separate responsibilities in relevant respects.  Plaintiffs counter that Defendants' wording will cause confusion, resulting in fewer people joining the action.  Plaintiffs do not disagree with

---

members are "actually similarly situated."  **Huang**, 248 F.R.D. at 227; **Fast v. Applebee's Int'l, Inc.**, 243 F.R.D. 360, 363 (W.D. Mo. 2007).

At the second step, a defendant may move to decertify the class, usually after the close of discovery.  **Littlefield**, 679 F. Supp.2d at 1016-17; **Kautsch v. Premier Commc'ns**, 504 F. Supp.2d 685, 688 (W.D. Mo. 2007).  It is at this step that "the court must determine whether the plaintiffs are, in fact, similarly situated," although, as noted above, they "need not be identically situated."  **Littlefield**, 679 F. Supp.2d at 1017 (internal quotations omitted); accord **Fast**, 243 F.R.D. at 363.

[2]The Court is mindful that also pending is Plaintiffs' consent motion to file a second amended complaint.  This proposed complaint adds John Serafin and Mary Lange as defendants.  Should the Court grant Plaintiffs leave to file a second amended complaint, the notice should include John Serafin and Mary Lange in the caption.

[3]All references to Plaintiffs's proposed notice are to the notice submitted with their reply.

Defendants' position that there are only two classes of "on call" employees, but they do note that various Plaintiffs who have already opted-in describe themselves as "home medical service technicians" rather than delivery technicians.

Four affidavits submitted by Plaintiffs in support of their motion are from former employees who identify themselves as on call employees *and* as either respiratory therapists or home medical service technicians. (See Pls. Exs. A-D, ECF Nol. 25-1 to 25-4.) The only confusion seems to be in the title of one of the two classes, i.e., home medical service technician or delivery technician. This is easily resolved. The notice shall be directed to "All current and former Provider Plus, Inc., employees who worked for Provider Plus, Inc., as a delivery technician, sometimes referred to as home medical service technician, or respiratory therapist . . . ."

The parties also disagree about the starting date of employment for the class members. Plaintiffs advocate for May 17, 2012 – three years before they filed their pending motion on May 17, 2015. Defendants counter that the relevant date is three years before the date on which the Court certifies the class.[4] Under Local Rule 4.01 of the Eastern District of Missouri, a motion is considered at issue fourteen days after it is filed. Thus, the pending motion, without considering any requests for additional times, would be at issue on May 31, 2015. The Court finds that the notice should read ". . . between May 31, 2012 and the present."

---

[4]Plaintiffs argue for and Defendants argue against equitable tolling. Any ruling on equitable tolling at this time would be, as Defendants contend, "an improper advisory opinion based on a controversy that does not yet exist." (Defs.'s Resp. at 8.)

From: Plaintiffs's proposed notice includes counsel's email address and identifies him as "Attorney for Plaintiffs and the On Call Class." Defendants notice would strike the email address and identify counsel only as "Attorney for Plaintiffs."

Clearly, the use of email to address written inquiries is not unusual. The email address shall remain. See e.g., Denney v. Lester's, LLC, 2012 WL 3854466, *7 (E.D. Mo. Sept. 5, 2012) (approving notice that included attorneys's email addresses and website in addition to street address and telephone numbers); Greenwald v. Phillips Home Furnishings, Inc., No. 4:08cv1128 CDP (E.D. Mo. Feb. 8, 2009) (same).

What shall not remain is the identification of counsel as Attorney for the On Call Class. Information in the notice itself clearly identifies counsel as representing current Plaintiffs and those potential class members who timely consent to join the lawsuit.[5] This is sufficient.

Re: This section includes bold, all capital letters. The parties disagree on the wording. The Court finds the following wording to be appropriate.

> This notice is for the sole purpose of determining the identity of those persons who wish to be involved in this lawsuit. The United States District Court for the Eastern District of Missouri expresses no opinion regarding the merits of Plaintiffs's claims or Defendants's defenses. There is no assurance at this time that any relief will be granted, nor if granted, the nature and amount of relief.

See Huang, 248 F.R.D. at 229 (requiring similar wording in FLSA notice).

Notice: Opt-In. The parties agree on the first of the two sentences in this paragraph. Plaintiffs wish to add a second sentence informing the recipient that he or she does not have

---

[5]Defendants's argument about a potential class member's right to retain his or her own attorney is addressed below.

to pay anything to join the lawsuit. Defendants wish not to. The question of informing the potential class members of the possibility of being assessed costs is addressed below. For purposes of this section, only the first sentence shall be included.

Notice: Why did I get this Notice? The question of the identification of the classes and of when the relevant time frame begins is addressed above. Defendants wish to add" and the possible costs" in the second sentence. This addition will not be included.

Notice: What is this lawsuit about? The parties's disagreement about the identification of the classes is addressed above.

Also, Defendants wish to add "allegedly" before the references in both paragraphs to Plaintiffs's claims of not being properly compensated. Plaintiffs counter that the use of "claims" is sufficient. The word "claims" appears at the beginning of the two-paragraph description of what the lawsuit is about and is not repeated. The Court finds that Defendants's addition of "allegedly" fairly describes the nature of the lawsuit.

Notice: Who is sending this Notice and Consent Form? Defendants wish to add "some or all" before the reference to "other potential class members" and add a sentence informing the recipients that they have the right to hire their own attorney. The Court agrees with the approach taken in <u>Martinez v. Cargill Meat Solutions</u>, 265 F.R.D. 490, 500 (D. Neb. 2009). "In the interest of ease of case management and progression," that court held that "any individual plaintiffs seeking FLSA recovery under the core of operative facts at issue in this litigation, but through the representation of different counsel, can file a separate lawsuit." <u>Id.</u> Those plaintiffs who opted-in to the pending lawsuit were "bound by the

outcome of the case, and the representations and conduct of the counsel identified in the notice." Id. See also **Burkeen v. New Madrid Cnty. Ambulance Dist.**, 2013 WL 880079, *3 (E.D. Mo. Mar. 8, 2013) (overruling defendant's objection that proposed notice in FLSA case should state that plaintiffs were free to select their own counsel and were not required to accept the current plaintiffs's counsel). Thus, in the instant case, the notice need not add "some or all" before "other potential class members" or add a sentence advising the recipients that they have the right to hire their own attorneys. A sentence must be added, however, advising the recipients that they are free to file their own lawsuit if they choose not to join this one.

Notice: What are your rights concerning participating in this lawsuit? The Court agrees with Defendants that "may have" should be inserted before "failed" and "may" before "owes" in the first paragraph. The inclusion sought by Defendants of the phrase informing the recipients of where to mail the form if they wish to be represented by separate counsel is not to be included.

The second paragraph shall remain as proposed by Plaintiffs.

In the third paragraph, the reference to not being required to pay shall be stricken. The sentence then ends after "unless you so desire."

Notice: How do I join in the lawsuit? The parties' primary dispute in this section is about the length of time the recipients have to mail the consent form. Plaintiffs want 75 days; Defendants 45. The Court notes, as did Plaintiffs, that the parties' joint scheduling plan

cited an initial proposal by Plaintiffs of a 90-day period and by Defendants of a 60-day period.  The Court finds that average of these two – a 75-day period – is appropriate.

Also, Defendants wish to add "if any" to qualify any unpaid overtime compensation and wages that might be recovered.  The word "may" adequately describes the uncertainty of a recovery.  Moreover, the Court has previously agreed with Defendants about the insertion of "allegedly" when describing Plaintiffs's claims.  The last sentence in the second paragraph shall end after "compensation and wages."

Defendants also wish to strike the fourth paragraph advising recipients that they may contact counsel if they have any questions.  This shall not be stricken.

<u>Notice:  What is the effect of joining the lawsuit?</u>  In the third paragraph, Plaintiffs advise the recipients that they "may potentially" be required to respond to discovery requests and appear "at a deposition or other hearing in St. Louis, MO."  Defendants wish to advise recipients that they "may" be required to respond to discovery requests and "appear for depositions, hearings, and possibly even trial, in St. Louis, MO."

"May" sufficiently describes the uncertainty of any discovery requests being propounded to or appearances required of the recipients.  "Potentially" is not needed.

The following sufficiently describes what might be expected of someone joining the lawsuit:  "If you choose to join this lawsuit, you may be required to respond to written requests for information and documents and appear for depositions, hearings, or trial in St. Louis, MO."  <u>See</u> <u>Denney</u>, 2012 WL 3854466 at *6 (requiring similar wording).

Notice: How much will it cost me if I join the lawsuit?  Plaintiffs begin this section with a one-word sentence: "Nothing."  The second sentence provides that the recipients will not be responsible for any attorney's fees or costs if there is no recovery.  The third sentence also provides that the recipients will not be responsible for any attorney's fees or costs.

The first sentence is potentially misleading and will be stricken.  The second and third sentences are duplicative.  As the third is more informative than the second, the second also will be stricken.  The third will be modified, however, as suggested by Defendants.

Defendants also submit a second paragraph advising the recipients that court costs and expenses may possibly be assessed against them if they do not prevail.  The sentence in the preceding paragraph may mislead a recipient by representing that there *will be no* assessment of costs.  The proposed additional paragraph anticipates any misapprehension about costs, but also potentially discourages recipients from participating in the lawsuit.  Concerns about the latter outweigh the former, particularly given the required modification to the first paragraph.  See Littlefield, 679 F.Supp.2d at 10194, 1019(denying defendant's request that notice inform recipients that they might incur costs by joining lawsuit on grounds that such "might discourage plaintiffs from joining the litigation"); Cargill, 265 F.R.D. at 500 (denying defendant's request that notice include statement warning recipients that they might be liable for defendant's costs if defendant prevails and noting that "such a notice may discourage plaintiffs from joining the litigation").  Cf. Harris v. Pathways Comm'ty Behavioral Healthcare, Inc., 2012 WL 19064444, *4 (W.D. Mo. May 25, 2012) (requiring notice to

advise prospective class members that they may be assessed court costs and expenses if they do not prevail because omission of warning would be misleading).

Notice: How do I get more information about the lawsuit? Defendants would eliminate this section. It will remain. See Denney, 2012 WL 3854466 at *6 (including similar provision in notice).

Consent Form. Defendants argue that the three last sentences of the consent form be deleted. These sentences recognize the Wise Law Firm as class counsel. As people choosing to opt-in to this lawsuit do not, as discussed above, have the option of joining the lawsuit but hiring their own attorney, these sentences may remain in the consent form.

Reminder Notice. Also as discussed above, the period for opting-in will be 75 days. Thus, the reference in the reminder to when the notice was sent shall be 60 days.

Posting. Plaintiffs request that the Court order the Notice and consent forms to be posted "next to each and every time clock in each and every Provider Plus location facility." Defendants counter that mailing is sufficient. The Court agrees.

According to the amended complaint, Provider Plus operates ten locations: eight in Missouri; one in Illinois; and one in Kansas. The number of employees at issue is less than 200. (See Am. Compl. ¶ 30.) This is an average of twenty employees per location. Plaintiffs have failed to show that these employees cannot be effectively received through either first-class mail or email. See Holliday v. J S Express, Inc., 2013 WL 2395333, *9 (E.D. Mo. May 30, 2013) (directing notice to be sent through first-class mail).

Miscellaneous. Defendants do not object to Plaintiffs's request that they provide a list of all current and former on-call employees, including the last known addresses and email addresses. Nor do they object to Plaintiffs's request that they be allowed to send an electronic reminder notice.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs's motion for conditional class certification is **GRANTED** as set forth above. [Doc. 24] The Court conditionally certifies a class of all current and former Provider Plus, Inc., employees who worked for Provider Plus, Inc., as a delivery technician, sometimes referred to as home medical services technician, or respiratory therapist between May 31, 2012, and the present.

**IT IS FURTHER ORDERED** that within fourteen (14) days of the date of this Order, Defendants shall produce to Plaintiffs a list of all potential class members, including their names, last known mailing addresses, and email addresses, if known, in a computer-readable electronic data file format.

**IT IS FURTHER ORDERED** that the parties shall file a joint proposed form of notice and reminder notice for the Court's approval within twenty(20) days of the date of this Order.

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  14th  day of July, 2015.