UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DOUG VOLZ, et al., | ) |  |
|---|---|---|
| Plaintiffs, | ) |  |
| vs. | ) | Case No. 4:15cv0256 TCM |
| PROVIDER PLUS, INC., et al., | ) |  |
| Defendants | ) |  |

# MEMORANDUM AND ORDER

Pending in this collective and class action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201-219, and Missouri and Illinois law is the opposed motion of all four Defendants to dismiss defendant Mary Lange.

The initial complaint was filed in February 2015 against Provider Plus, Inc., and Jeff Serafin. The various causes of action arise from the allegations of Plaintiffs – current or past on-call employees of Provider Plus, Inc. (Provider Plus) – that they have not been, but should be, paid for (a) one half-hour breaks if they have to work through lunch, (b) time spent on calls that did not require they go to a Provider Plus location, and (c) time spent finishing a project after they clocked out.

In their initial disclosures, Provider Plus and Jeff Serafin, the only defendants named in the seminal complaint, identified Lange as the Director of Respiratory Services and as someone who might have discoverable information that may be used to support claims or defenses. (Defs.' Discl. at 2, ECF No. 76-2.) Specifically, she "may have knowledge of

Plaintiffs' job duties, work hours, on-call experiences, company policies and procedures, and the differences between delivery technicians and respiratory therapists." (Id.)

The next month, Plaintiffs moved for leave to file a second amended complaint naming John Serafin and Lange as additional defendants. The allegations against Lange are that she is Provider Plus' Director of Respiratory Services and, as such, has control over schedules and work conditions, knew of and enforced Provider Plus' pay polices, and "'clock[ed] out respiratory therapists so that their timecards would not reflect the hours worked overtime." (2nd Am. Compl. ¶¶ 12, 38-40, ECF No. 42.) While this motion was pending, the Court entered an order conditionally certifying a class of all current and former employees of Provider Plus who worked as delivery technicians (also referred to as home medical services technicians) or respiratory therapists during a defined time period. In that same Order, the Court directed that a sentence be added to the proposed notice advising the recipient that he or she was free to file a separate lawsuit rather than consent to join this one.

Pursuant to the Order, Defendants gave Plaintiffs a list of all potential class members. Lange is on that list and received notice of the class action. (Defs.' Mot. Ex. A, ECF No. 66-1.)

The Court granted Plaintiffs leave to file their proposed amended complaint.

Later, in its answer to an interrogatory requesting that it describe its "timekeeping policy for respiratory therapists, including regular time, overtime, and on-call time[,]" Provider Plus responded, in part, that respiratory therapists who are unable to clock in or out

because they are away from the facility must report their time worked to their supervisor for the supervisor to do so on their behalf. (Def.'s Ans. at 4, ECF No. 76-5.) If a respiratory therapist is required to work through his or her sixty-minute unpaid lunch break such must be reported to the supervisor so that he or she will be paid for that time. (Id.) Respiratory therapists are also required to report to the supervisor all time worked on-call the previous business day. (Id.)

Defendants now move to dismiss Lange as a defendant. Plaintiffs counter that she should remain as a defendant but her right to file a separate action should be clarified.

Clearly, Lange cannot be both a defendant and a member of the plaintiff class. Plaintiffs' counsel, having prevailed in his argument that he should be the only counsel of record for the plaintiff class in this action, cannot both sue Lange on behalf of members of that class and represent Lange as a member. Missouri Supreme Court Rule 4-1.7(a) prohibits a lawyer from representing a client if "the representation involves a concurrent conflict of interest," i.e., when "(1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer." This concurrent conflict may be waived in certain circumstances, but cannot be waived when the conflict "involve[s] the assertion of a claim by one client against another client represented by the lawyer in the same litigation . . . ." Mo.S.Ct.R. 4-1.7(b)(3).

The real dispute is the remedy. Defendants argue that the best course is to dismiss the claims against Lange with prejudice. Plaintiffs counter that the best course is to clarify that Lange is free to pursue her own action against Provider Plus for the alleged violations.

Citing Hoffman-Law Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989), a case brought under the Age in Discrimination Employment Act, 29 U.S.C. §§ 621-634, Defendants correctly note that considerations of judicial economy favor collective actions such as those under the FLSA.

On the other hand, it is well settled that "a plaintiff is the master of his complaint." **BP Chems. Ltd. v. Jiangsu Sopo Corp.**, 285 F.3d 677, 685 (8th Cir. 2002). Provider Plus has identified Lange as the Director of Respiratory Services and has identified supervisors as having a role in clocking respiratory therapists in and out. Indeed, Defendants have not argued that Plaintiffs have *not* stated a claim against Lange. See **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007) (holding that question when ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim is whether the alleged facts, which must be assumed to be true, are sufficient to raise more than a speculative right to relief).

Defendants' suggested remedy would deny Plaintiffs the ability to name as a defendant a person who arguably has a part to play in the alleged deprivations of their legal rights to be paid for overtime. Plaintiffs' suggested remedy would deny Lange the opportunity to participate as a plaintiff in *this* action. Plaintiffs' suggested remedy provides an alternative

avenue for Lange to pursue should she choose. There is no alternative to Defendants' suggested remedy.

Accordingly, weighing the apparently competing considerations of judicial economy and fairness,

**IT IS HEREBY ORDERED** that the motion of Defendants to dismiss the claims against defendant Mary Lange is DENIED. [Doc. 65]

**IT IS FURTHER ORDERED** that Mary Lange is excluded from the class of respiratory therapists which may consent to join *this* lawsuit. Mary Lange is reminded of the statement in section nine of the Notice of Class Action she received that she is free to file her own lawsuit at her own expense.

**IT IS FURTHER ORDERED** that the requests of Plaintiffs for their costs in opposing the motion and for oral argument are DENIED.

**IT IS FINALLY ORDERED** the motion of Plaintiffs for leave to file a sur-reply is DENIED. [Doc. 78]

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  29th  day of September, 2015